# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:08cv161

| | |
|---|---|
| MASCO CORPORATION, a Delaware Corporation, and LIBERTY HARDWARE MFG. CORP., d/b/a BATH UNLIMITED INC., a Florida Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN D. BENNETT, JR., an individual; LEWIS "BUDDY" HOLSON, an individual; A&M WORLDWIDE, INC., a North Carolina Corporation; HOLSON SOLUTIONS, INC., a North Carolina Corporation; and JOHN DOES 1-20,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to clarify the procedural posture of the case.

The Plaintiffs initiated this action on April 11, 2008. [Doc. 1]. On April 19, 2008, Defendant Holson and Defendant Holson Solutions, Inc. were

served. [Docs. 6, 7, filed April 22, 2008]. Defendant Holson, acting *pro se*, moved for and received an extension of time to answer. The corporate defendants were allowed a like extension by the Court acting *sua sponte*. On the last day for filing a response, Defendant Holson, acting *pro se*, filed an answer with a motion to dismiss on behalf of himself and purportedly on behalf of corporate defendant, Holson Solutions, Inc. [Doc. 13, filed June 9, 2008].

Defendant A&M Worldwide, Inc. was served with process on April 18, 2008. [Doc. 8, filed April 22, 2008]. It was *sua sponte* allowed an extension through June 9, 2008, to file a response to the Complaint. To date it has not answered or otherwise appeared and the time within which to do so has expired.

Defendant Bennett was served with process on April 29, 2008 and he also did not undertake to file an answer within the time allowed to do so. [Doc. 11, filed May 16, 2008; Doc. 12, filed May 22, 2008]. On June 17, 2008, however, Defendant Holson filed an affidavit purportedly signed by Defendant Bennett. [Doc. 16].

The Plaintiffs have not moved for entry of default as to Defendants A&M Worldwide, Inc. or Bennett. However, the affidavit provided by

2

Defendant Bennett creates an issue as to whether he intends to make an appearance in the action, or whether he intends for his affidavit to serve as an appearance.

As for the corporate defendant, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). "While [28 U.S.C. §1654] allows [Holson] to prosecute his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [Holson] has no authority to [defend] an action in federal court on behalf of others than himself." Stoner v. Santa Clara County Office of Education, 502 F.3d 1116, 1126 (9th Cir. 2007), *certiorari denied* 128 S.Ct. 1728, 170 L.Ed.2d 515 (2008), *petition for writ of certiorari filed* 76 USL 3597 (2008); Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties). Thus, Holson may not represent Holson Solutions, Inc. even though it may be a corporate entity controlled by him. The purported Answer of Holson Solutions, Inc., will, therefore, be stricken as to said Defendant. As a

result, Defendant Holson Solutions, Inc. is hereby provided notice that it must appear through counsel or face entry of default judgment against it.

In addition, although Defendant Holson has moved for dismissal of the action in the context of his answer, such motions will not be considered absent the separate filing of a motion to dismiss along with a supporting brief.  Local Rules of Civil Procedure, Rule 7.1(C)(1) ("Motions to dismiss contained in answers to complaints ... are considered by the Court to be preserved.  A party wishing to have decided any preserved motion shall file a separate motion and supporting brief.").  The document filed by Holson on June 17, 2008 which he has captioned "Affidavit in Support of Defendants (*sic*) Lewis 'Buddy' Holson and Holson Solutions, Inc.'s, Answer to Plaintiffs (*sic*) Complaint" does not qualify as a separate motion to dismiss.

In the caption and body of the Complaint, the Plaintiffs have named "John Doe" defendants.  It does not appear that the Plaintiffs have made any attempt to serve the "John Doe" defendants.  Although the one hundred twenty day period within which to serve these defendants has not expired, no summonses were issued for these defendants. Fed.R.Civ.P. 4.  The Court cannot ascertain whether the Plaintiffs need additional time to

discover identities of such defendants or whether there is no intention to proceed against them.

Due to these discrepancies, the Court will provide the parties with an opportunity to respond.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the Plaintiffs shall advise the Court in writing of the following:

a.  whether they intend to seek entry of default as to Defendant A&M Worldwide, Inc., and if not, an explanation therefore; and

b.  whether they intend to serve the John Doe Defendants or need additional time within which to discover the identities thereof.

**IT IS FURTHER ORDERED** that the Answer purported to have been filed on behalf of Defendant Holson Solutions, Inc. is hereby stricken as to it (but not as to Defendant Holson, individually) and on or before twenty (20) days from entry of this Order, the Defendant Holson Solutions, Inc. shall appear though counsel or shall face entry of default judgment.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from entry of this Order, Defendant Holson may file, but is not required to file, a separate motion to dismiss supported by separate brief.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from entry of this Order, Defendant Bennett may advise, but is not required to advise, the Court whether he intends to make an appearance in this action, whether by a new and separate fling or by adopting his affidavit as his appearance in this matter. Failure to respond will be construed as an admission that the Defendant does not intend to make an appearance in the action, either by new filing or by adoption of the affidavit as his appearance, and action will be taken by the Court accordingly.

**IT IS FURTHER ORDERED** that pending the resolution of these issues, the time within which the parties are to conduct an initial conference shall be suspended.

The Clerk of Court is directed to serve a copy of this Order on the Magistrate Judge and to serve the individual defendants by certified mail, return receipt requested.

Signed: June 18, 2008

Martin Reidinger
United States District Judge