# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv161

| | |
|---|---|
| MASCO CORPORATION, a Delaware Corporation, and LIBERTY HARDWARE MFG. CORP., d/b/a BATH UNLIMITED INC., a Florida Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN D. BENNETT, JR., an individual; LEWIS "BUDDY" HOLSON, an individual; A&M WORLDWIDE, INC., a North Carolina Corporation; HOLSON SOLUTIONS, INC., a North Carolina Corporation; and JOHN DOES 1-20,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment as to Defendant A&M Worldwide, Inc. [Doc. 22], the Plaintiff's Motion for Default Judgment as to Defendant John D. Bennett, Jr. [Doc. 24], both filed July 3, 2008, and the Defendant Holson Solutions

1

Inc., Statement [Doc. 28], filed July 8, 2008.

On June 18, 2008, the undersigned issued an Order designed to clarify the procedural posture of the case. In that Order, the Plaintiff was required to advise whether it would seek "entry of default as to Defendant A&M Worldwide, Inc." In response to the Order, the Plaintiff moved for entry of default [Doc. 20] on July 3, 2008 and the Clerk of Court entered default on July 7, 2008 [Doc. 26]. The Plaintiff simultaneously moved for default judgment against A&M; however, the motion contains no allegation that judgment is sought for a sum certain. Fed.R.Civ.P. 55. Indeed, the motion concedes that damages are not for a sum certain. Court finds the motion to be premature and will deny it without prejudice to renewal.[1]

The June 18, 2008 Order also notified Defendant Bennett that he could choose to appear in the action by making a formal appearance within fifteen days. He was notified that his failure to appear or otherwise respond to the Order would be construed as an admission that he does not intend to appear in the action. Bennett failed to make an appearance or other response within the time allowed and on July 7, 2008, the Clerk of

---

[1] The motion appears to be the result of an incorrect reading of the Order which required the Plaintiff to advise of its intent to seek entry of default, not judgment.

Court entered default against him. [Doc. 26]. The Plaintiff has moved for default judgment against Bennett, which the Court finds to be premature for the same reasons as stated for Defendant A&M.

The June 18, 2008 Order also advised Defendant Buddy Holson that he could not represent the corporate defendant, Holson Solutions, Inc., and provided the corporate defendant time within which to appear though counsel or face entry of default. On July 8, 2008, Defendant Buddy Holson filed a "statement" on behalf of Defendant Holson Solutions, Inc. despite the earlier directive that the corporation could not be represented by an individual but must appear through counsel. As previously advised, Mr. Holson may not represent the corporation and as a result, the Court will therefore enter default against the corporate defendant. As with the other defaulting defendants, damages are not for a sum certain and therefore entry of default judgment will be deferred.

Defendant Buddy Holson, in accordance with the directive of the June 18, 2008 Order, has filed a separate motion to dismiss supported by a separate memorandum of law. That motion has been referred to the Magistrate Judge.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment as to Defendant A&M Worldwide, Inc. [Doc. 22] and the Plaintiff's Motion for Default Judgment as to Defendant John D. Bennett, Jr. [Doc. 24] are hereby **DENIED** without prejudice to renewal at the appropriate time.

**IT IS FURTHER ORDERED** that default is hereby **ENTERED** as to Defendant Holson Solutions, Inc.

The remaining pending motions have been referred to the Magistrate Judge.

Signed: July 9, 2008

Martin Reidinger
United States District Judge