# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv161

| | |
|---|---|
| MASCO CORPORATION and ) <br> LIBERTY HARDWARE MFG. CORP., ) <br> d/b/a Bath Unlimited, Inc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JOHN D. BENNETT, JR., LEWIS "BUDDY" ) <br> HOLSON,  A&M  WORLDWIDE, INC., ) <br> HOLSON SOLUTIONS, INC., and ) <br> JOHN DOES 1-20, ) <br> ) <br> Defendants. ) <br>  ) | **O R D E R** |

**THIS MATTER** is before the Court on the following matters:

1.  the Order entering default as to Defendants John D. Bennett, Jr. and A&M Worldwide, Inc. [Doc. 26], filed July 7, 2008;

2.  the Order denying as premature the Plaintiffs' motions for default judgment as to Defendants John D. Bennett, Jr. and A&M Worldwide, Inc. [Doc. 30], filed July 10, 2008;

1

3. the Order entering default as to Defendant Holson Solutions, Inc. [Doc. 30], filed July 10, 2008;

4. the renewed Plaintiffs' Motion for Default Judgment as to Defendants John D. Bennett, Jr., A&M Worldwide, Inc. and Holson Solutions, Inc. [Doc. 37], filed September 8, 2008;

5. the Order providing that the Plaintiffs may identify and serve John Doe defendants on or before November 12, 2008 [Doc. 43], filed October 16, 2008; and

6. the Plaintiffs' Motion for Order of Attachment and/or for an Injunction Freezing the Assets of Defendant Lewis "Buddy" Holson [Doc. 44], filed October 31, 2008.

Defendant Lewis "Buddy" Holson's Motion to Dismiss [Doc. 27], filed in a *pro se* capacity on July 3, 2008, was referred to Magistrate Judge David Keesler who entered a Memorandum and Recommendation [Doc. 47] on November 26, 2008. Since the period for objections to that Memorandum and Recommendation has not yet expired, that motion will not be further addressed herein.

The Court addresses herein each of the issues raised in these filings and makes the findings and conclusions hereinafter set forth in the hope

that this case can thereafter get on an ordinary track.

First, with regard to the Plaintiffs having named twenty Doe Defendants, and the Court having provided a deadline by which all such Defendants should be identified and served [Doc. 43], and the Plaintiffs having failed to identify and serve the John Doe Defendants within the applicable time period, those Defendants are dismissed from this action. The caption will hereafter be amended to delete reference to John Doe Defendants.

The Plaintiffs' second motion for default judgment is based on affidavits which the Court has reviewed. [Attachments 1, 2, and 3, attached to Doc. 38]. The Court finds the affidavits do not present sufficiently sound calculations of damages for the entry of damages without a hearing. For example, it is alleged that the defaulting defendants created duplicate invoices based on legitimate bills of lading that had been submitted for payment by a carrier. [Id., at 6-7]. Although it is alleged that they created duplicate invoices totaling $237,834.18, there is no evidence presented that this amount was actually paid to the defaulting defendants. [Id.]. It is also unexplained as to whether the legitimate bills of lading were paid. It is also alleged that the defaulting defendants "submitted" invoices totaling

$708,027.41 which were not supported by bills of lading. [Id., at 8]. No evidence is presented, however, showing that these invoices were paid. Furthermore, there is no evidence presented to support the proposition that the Plaintiffs, in the ordinary course of their business, paid invoices which were not supported by bills of lading. The motion will therefore be denied without prejudice. Plaintiffs may renew this motion, and present the necessary evidentiary support therefor, at the conclusion of this matter.

On October 31, 2008, the Plaintiffs moved for an order of attachment and an injunction to freeze Defendant Holson's assets pursuant to N.C.Gen.Stat. §§1-440[1] [*sic*] & 1-485. [Doc. 44]. Attached to the motion is the affidavit of Special Agent Peter Rae, Internal Revenue Service, in which he explains the conduct of Defendant Bennett which resulted in a *lis pendens* being filed against Bennett's personal residence. [Doc. 44-2, filed October 31, 2008, at 2-8]. Bennett was employed by Masco from November 2003 through February 2006. [Id., at 5].

> Bennett utilized a third party freight management company known as Holson Solutions, Inc. (HSI), operated by Lewis Holson. Bennett would create fictitious invoices using HSI letterhead to give to his employer and then notify Holson *via* email how the funds paid to Holson should be disbursed.

---

[1]The correct statutory provision is N.C.Gen.Stat. §1-440.1.

> ...
> Bennett accomplished his embezzlement through multiple techniques. He would utilize a local carrier at a reduced rate and then charge his employer an inflated rate based on the invoice that he created with the Holson Solutions, Inc. letterhead. *Holson confirmed this information during an interview in which he stated that he never generated any billing invoices for [Bennett] and never authorized anyone to produce HSI invoices.*
>
> ...
> Bennett would also intercept invoices submitted by carriers. He would attach a HSI invoice that he created and submit them to his accounts payable department. Bennett would then wait until the original bill was nearly due to submit that invoice to his employer's accounts payable department, not allowing time for any research to verify the invoice before payment. The only reason for this was so that Bennett could double bill for invoices.

[Id., at 5-6] (emphasis provided).

This affidavit, submitted in support of the motion for an order of attachment and injunctive relief, does not allege any conduct on the part of Defendant Holson. Indeed, the Plaintiffs admit through this affidavit submitted in support of their motion that when interviewed, Holson acknowledged Bennett's conduct and stated that he personally never generated any billing invoices or authorized the same.

In support of the request for an order of attachment and injunction against Defendant Holson, Plaintiffs have alleged the following: (1) Holson owns real estate located at 17021 Bridgeton Lane, Huntersville,

5

NorthCarolina 28078; (2) Holson had the property listed for sale at the time of the motion; (3) Holson filed articles of dissolution for Holson Solutions, Inc. on August 5, 2008. [Doc. 44-3]. "Because of the dissolution of HSI and the potential sale of the house owned by Holson, Plaintiffs will likely not be able to recover on any judgment against either HSI or Holson unless Defendant Holson's property is attached or an injunction preventing him from transferring assets or property is entered." [Doc. 45 at 3].

N.C.Gen.Stat. §1-440.3 provides that an order of attachment may issue in an action brought for a money judgment when the defendant is:

(4) a resident of the State who, with intent to defraud his creditors ..., a. has departed, or is about to depart, from the State or b. keeps himself concealed therein, or
(5) a person ... which, with intent to defraud his ... creditors, a. has removed, or is about to remove, property from this State, or b. has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

N.C.Gen.Stat. §1-440.3. There is no evidence presented, in fact there is not even an allegation made, that Holson has departed or is about to depart from the state or that he has concealed himself. In fact, in response to the motion, he has responded that due to a lack of income, he has been trying to sell his home since October 2007 and that he re-listed the property in March 2008

without any success. [Doc. 46]. This lawsuit was initiated on April 11, 2008. [Doc. 1]. Thus, Holson was trying the sell the house months before the lawsuit was instituted.

Holson has also attached the Notice of Foreclosure which he received in November 2008, showing a hearing set for December 5, 2008 with a foreclosure sale scheduled for January 2, 2009. [Doc. 46-2]. The fact that his home is in foreclosure does not show an intent to defraud his creditors by removing property from the state or assigning, disposing of or secreting property. Foreclosure means that his mortgage holder has determined to foreclose in order to collect almost $10,000 in arrearage on a mortgage balance of $283,891.81. [Doc. 46-3].

On July 10, 2008, the undersigned entered default against Holson Solutions, Inc. [Doc. 30]. On August 5, 2008, articles of dissolution were filed for the corporation. [Doc. 44-3]. Holson has responded that the corporation did not own assets and had not conducted any business for years. [Doc. 46]. The affidavit of Special Agent Rae filed by the Plaintiffs supports that contention.

Plaintiff has presented no evidence upon which the Court can make a finding to support an order of attachment. It should be noted that on

even the most basic elements on which Plaintiff relies, such as the allegations that Defendant Holson is seeking to sell his home, Plaintiff presents the Court with nothing more than Plaintiffs' Counsel's affidavit that "It has been brought to [his] attention that Holson is attempting to sell this real property." [Doc. 44-3 at ¶8]. Such statements which inherently admit that they are not presented on personal knowledge fall far short of the required showing for the Court to grant the extraordinary preliminary relief sought. For these reasons the motion for attachment will be denied.

Plaintiffs also seek relief pursuant to N.C.Gen.Stat. §1-485 which provides for injunctive relief when it appears by affidavit that a litigant is doing, or about to do, something which would render any judgment ultimately obtained ineffectual. N.C.Gen.Stat. §1-485(2). They also claim that by selling his home and dissolving HSI, Holson is threatening to remove or dispose of property with intent to defraud. N.C.Gen.Stat. §1-485(3). Based on the information before the Court, however, it only appears that Holson has dissolved a corporation which had no assets after a default was entered against it, and that foreclosure proceedings have been involuntarily brought against Defendant Holson's home. No evidence has been presented on which the Court could find that Holson has taken

8

any action which would fall within the parameters of this statute.

Likewise, the Court rejects the Plaintiffs' claim that they are entitled to injunctive relief pursuant to Federal Rule of Civil Procedure 65.

> In [the Fourth Circuit], the entry of a preliminary injunction is governed by the four-part test set forth in <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.</u>, 550 F.2d 189 (4th Cir. 1977), which requires a court to consider "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the injunction is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest."
>
> When deciding whether to grant a preliminary injunction, the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied; if such a showing is made, the court must then balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant.

<u>Scotts Co. v. United Industries Corp</u>., 315 F.3d 264, 271, 273 (4th Cir. 2002); <u>In re Microsoft Corporation Antitrust Litigation</u>, 333 F.3d 517, 526 (4th Cir. 2003). The Plaintiff bears the burden of showing that each of these factors supports an injunction. <u>Id</u>.

The Plaintiffs cannot be irreparably harmed by the dissolution of a corporation which had no assets. Nor are they harmed by the conduct of a third-party mortgage holder which has chosen to protect its security interest in Holson's home via foreclosure, particularly where the deed of

trust and the mortgage holder's lien appears to predate this present action. Indeed, it is in the public interest for the mortgage holder to be able to pursue its foreclosure. In short, the Plaintiffs have failed to show that Holson has taken any action which could result in irreparable harm.

Moreover, the case of United States *ex rel*. Rahman v. Oncology Associates, 198 F.3d 489 (4th Cir.1999), cited by the Plaintiffs, is inapposite. The Plaintiffs have not disputed that HSI had no assets at the time of dissolution. Therefore, they had no equitable interest in those assets and may not interfere with Holson's use of his property before judgment. Id. The same rationale applies to Holson's home. "A debt claim leads only to a money judgment and does not in its own right constitute an interest in specific property. Accordingly, a debt claim does not, before reduction to judgment, authorize prejudgment execution against the debtor's assets." Rahman, 198 F.3d at 496.

The Court has considered each of the Blackwelder factors, has weighed them, and finds that this motion for injunctive relief is inappropriate. For these reasons the Plaintiffs' motion for injunctive relief will also be denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. John Doe Defendants 1 through 20 are hereby **DISMISSED** from this action and the caption shall be amended to reflect their dismissal;

2. The Plaintiffs' Motion for Default Judgment as to Defendants John D. Bennett, Jr., A&M Worldwide, Inc. and Holson Solutions, Inc. [Doc. 37] is hereby **DENIED**; and

3. the Plaintiffs' Motion for Order of Attachment and/or for an Injunction Freezing the Assets of Defendant Lewis "Buddy" Holson [Doc. 44] is hereby **DENIED**.

Signed: December 2, 2008

Martin Reidinger
United States District Judge