UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-161-RJC-DCK

| | | |
|---|---|---|
| MASCO CORPORATION and | ) | |
| LIBERTY HARDWARE | ) | |
| MANUFACTURING CORPORATION, | ) | |
| d/b/a Bath Unlimited, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) | |
| | ) | |
| JOHN D. BENNETT, JR., | ) | |
| LEWIS "BUDDY" HOLSON, | ) | |
| A&M WORLDWIDE, INC., and | ) | |
| HOLSON SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the plaintiffs' Motion for Default Judgment as to defendants John D. Bennett, Jr., A&M Worldwide, Inc., and Holson Solutions, Inc. (Doc. No. 61) and the related attachments and brief (Doc. Nos. 62 through 65). For the reasons explained below, the Court will **GRANT** the plaintiffs' motion.

I.  BACKGROUND

Plaintiffs Masco Corporation and Liberty Hardware Manufacturing Corporation (doing business as Bath Unlimited, Inc.) ("Bath Unlimited") assert multiple state and federal claims against the defendants John D. Bennett, Jr.; Lewis "Buddy" Holson; A&M Worldwide, Inc. ("A&M"); and Holson Solutions, Inc. ("HSI"). The plaintiffs allege the following: violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 et seq.; conspiracy to violate RICO pursuant to 18 U.S.C. §§ 1962(a) and (c); violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq.; civil conspiracy to commit fraud; conversion; breach of fiduciary duty; constructive fraud; action for accounting; violation of the North Carolina Unfair and

Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, et seq.; unjust enrichment; violation of North Carloina's RICO Act, N.C. Gen. Stat. § 75D-1, et seq.; and punitive damages.

The plaintiffs allege a scheme in which Bennett, working as a manager for Bath Unlimited, defrauded the company into paying false invoices. Bennett enlisted Holson to receive these payments via his corporation, HSI. Holson, upon receiving the payments, would deposit them into an HSI account. Holson would then make checks payable to Bennett, A&M, and Bennett's wife Melinda Goins Bennett (with all the money from these checks allegedly going directly to Bennett himself). HSI would retain an equal amount to that which was paid to Bennett as an idividual. The plaintiffs have provided documentary evidence that HSI paid checks for the following sums, which the defendants cashed: $385,557.41 to Bennett; $1,616,449.21 to A&M; $31,055.45 to Melinda Goins Bennett; and $423,804.60 to "Over the Road Financial."[1] In addition, the plaintiffs have provided evidence that HSI retained an amount equal to what HSI paid to Bennett as an individual, or $385,557.41. The total amount claimed is thus $2,842,424.08.

The Clerk entered default against defendants Bennett and A&M on July 7, 2008 (Doc. No. 26). The Honorable Martin Reidinger entered default against defendant HSI on July 9, 2008 (Doc. No. 30). By orders dated July 9, 2008, and December 2, 2008, Judge Reidinger denied the plaintiffs' previous motions for default judgment as premature, (Doc. Nos. 30 & 48), granting them leave to file a renewed motion with the necessary supporting evidence at the conclusion of this matter. (Doc. No. 48 at 4). The plaintiffs have now moved for a default judgment against defendants Bennett, A&M, and HSI (collectively the "defaulted defendants"), and they have agreed to dismiss their claims against Holson.

---

[1] Accepting the plaintiffs' allegations as true, "Over the Road Financial" is an unincorporated entity controlled by Bennett and simply an alias for Bennett or A&M.

## II. LEGAL STANDARD

"To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08cv5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06cv264, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Upon default judgment, while a court must accept a plaintiff's factual allegations as true, the plaintiff must still prove that it is entitled to damages. While a court may choose to require a hearing, it may also award damages based on affidavits and documentary evidence. See Ancient Sun Nutrition, Inc. v. Lawlor, No. 1:07cv395, 2008 WL 1944325 (W.D.N.C. May 1, 2008). In determining whether damages should be awarded upon default judgment, courts apply federal law of damages to federal claims, and state damages law to state claims. See id.

Thus the plaintiffs' state-law claims must be proven to a reasonable certainty. State Props., L.L.C. v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002). The plaintiffs need not, however, prove state-law damages by "an exact dollar amount with mathematical precision." Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C., 620 S.E.2d 222, 231 (N.C. Ct. App. 2005). The federal RICO damages, similarly, must be proven by "competent proof, not based upon mere speculation and

surmise," and they are measured by "the harm caused by the illegal activity . . . ." See Miller v. Asensio & Co., Inc., 364 F.3d 223, 232 n.6 (4th Cir. 2004) (citations omitted). The federal CFAA, alternatively, codifies the showing required for damages under that statute: a plaintiff must prove that the defendant "knowingly cause[d] the transmission of a program, information, code, or command, and as a result of such conduct intentionally cause[d] damage without authorization, to a protected computer." 18 U.S.C. § 1030(a)(5)(A).

## III. DISCUSSION

The defaulted defendants have not appeared in this case despite having been properly served process. The defaulted defendants are not minors, incompetent persons, or current members of the military service. Further, the Clerk entered default judgment against them. Accepting the plaintiffs' factual allegations as true, the Court will grant default judgment to the plaintiffs against the defaulting defendants.

Further, based on the extensive documentary, affidavit, and deposition evidence that the plaintiffs have now provided, the Court finds that the plaintiffs have met their burden of proving their damages as to all counts. The plaintiffs have provided financial and banking records from the defaulting defendants' financial institutions and accountant. In addition, the plaintiffs have provided copies of all checks issued by N&C to HSA, and copies of all checks written by Holson from HSI's checking account to Bennett and A&M. This evidence substantiates the plaintiffs' claims for damages. In light of this showing, the Court finds that the plaintiffs have adequately proven their damages as to both their state and federal law claims.

While the federal RICO statute provides for treble damages, it is silent on the issue of prejudgment interest. See Bingham v. Zolt, 810 F. Supp. 100, 101 (S.D.N.Y. 1993). However, as one court has recognized, "[p]rejudgment interest on RICO damages may be awarded under

circumstances in which the treble damages do not adequately compensate the plaintiff or the defendant acted unreasonably and unfairly to delay or obstruct the course of litigation." Panix Prods., Ltd. v. Lewis, No. 01-cv-2709, 2003 WL 21659370, at *3 (S.D.N.Y. Jul. 15, 2003). The Court finds that in this matter the treble damages more than adequately compensate the plaintiffs for their losses and thus declines to grant the plaintiffs prejudgment interest.

After considering the evidence and the memorandum of law submitted in connection with this motion, the Court **GRANTS** the plaintiffs' motion for default judgment and **ORDERS** that:

1. Default judgment is entered against defendants John D. Bennett, Jr.; A&M Worldwide, Inc.; and Holson Solutions, Inc., jointly and severally, in the amount of $2,842,424.08. Such amount shall be trebled pursuant to federal RICO.

2. The judgment shall bear interest pursuant to 18 U.S.C. § 1961 from the date of judgment until paid.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the plaintiffs' Motion for Default Judgment (Doc. No. 61) is **GRANTED**.

Signed: March 31, 2010

Robert J. Conrad, Jr.
Chief United States District Judge